**Bernard H. GLATZER, Plaintiff–Appellant,**

v.

**BEAR STEARNS & CO., INC.; Weisser Johnson & Co., L.P.; Weisser Johnson & Co.; Frank Weisser, Defendants–Appellees.**

No. 05–5359–CV.

United States Court of Appeals, Second Circuit.

Nov. 8, 2006.

Bernard H. Glatzer, pro se, Bronx, NY, for Appellant.

Mark A. Robertson, Fullbright & Jaworski, LLP, New York, NY, for Appellees.

Present: ROSEMARY S. POOLER and ROBERT A. KATZMANN,* Circuit Judges.

---

* Judge Roger J. Miner, a member of the original panel, recused himself prior to oral argument. Therefore, this case is decided by the two remaining members of the panel pursuant to Section 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit.

## SUMMARY ORDER

Bernard H. Glatzer appeals a judgment denying his motion to remand and dismissing his complaint. We assume the parties' familiarity with the facts, the proceedings below, and the specification of appellate issues.

The district court erred by denying Glatzer's motion to remand and therefore should not have reached defendants' motion to dismiss. Glatzer's amended complaint alleged only state tort and contract claims and did not either (1) allege that defendants violated the United States Constitution or a federal law or regulation or (2) rely on a federally based right for relief. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (holding that whether a district court has original jurisdiction is determined from the face of a well pleaded complaint). Nor do Glatzer's claims necessarily depend on a disputed and substantial issue of federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Mfg.,* 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Therefore, the district court lacked subject matter jurisdiction. Consequently, we vacate the judgment and remand to the district court in order that it may remand to the Supreme Court of the State of New York, County of Bronx.